'O'

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS AYER, an individual; ALEXIS AYER, an individual; and HOVIK GROZIAN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL WHITE, an individual; DAVID GREEN, an individual; R4U VENTURES, a Texas limited liability company; and DOES 1-50 inclusive,<br><br>Defendants. | CV 21-08773-RSWL-RAOx<br><br>**ORDER re: Defendants' Motion for Attorneys' Fees**<br><br>[27] |

Plaintiffs Thomas Ayer, Alexis Ayer, and Hovik Grozian (collectively, "Plaintiffs") brought the instant Action against Defendants Michael White, David Green, and R4U Ventures, LLC (collectively, "Defendants"), asserting nine causes of action arising out of Defendants' allegedly fraudulent scheme to induce Plaintiffs into investing in various real property sales

1

and development projects.  On March 4, 2022, the Court dismissed [23] the Action for lack of personal jurisdiction over Defendants.

Currently before the Court is Defendants' Motion for Attorneys' Fees [27] (the "Motion").  Defendants seek attorneys' fees as sanctions for Plaintiffs' litigation conduct pursuant to either Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, or the Court's inherent power.  Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS**: the Court **DENIES** Defendants' Motion.

## I.  BACKGROUND

The parties' underlying dispute arises from a series of real estate transactions in which Defendants agreed to construct, and Plaintiffs agreed to purchase, single-family residences on various lots located in Texas.  See Order re: Mot. to Dismiss 2:3-4:15, ECF No. 23.  On September 30, 2021, R4U Ventures, LLC ("R4U") filed suit in Hunt County, Texas (the "Texas Action"), against Thomas Ayer and Hovik Grozian to collect certain funds related to the construction projects.  See Decl. of Scott Dilbeck in Supp. of Mot. for Att'y Fees ("Dilbeck Decl.") ¶ 4, ECF No. 27-2; id. Ex. 1A.  After counsel for Ayer and Grozian did not agree to accept service on behalf of his clients, R4U's counsel made attempts at in-person service of the Texas complaint but

was unsuccessful.[1]  Dilbeck Decl. ¶¶ 6-7.

On November 8, 2021, Plaintiffs filed the instant Action in this Court.  See Compl., ECF No. 1.  On December 1, 2021, Defendants filed a motion to dismiss this Action for lack of personal jurisdiction.  See Mot. to Dismiss, ECF No. 12.  On December 10, 2021, Plaintiffs' counsel offered to transfer this case to the United States District Court for the Northern District of Texas.  Dilbeck Decl. ¶ 14; id. Ex. 1L.  Defendants' counsel refused, stating that the action did not belong in federal court because Plaintiffs' civil RICO claim would likely be dismissed and thus there would be no basis for subject matter jurisdiction.  Id. ¶ 14; id. Ex. 1L.

While the motion to dismiss remained pending before this Court, on December 20, 2021, Ayer and Grozian removed the Texas Action to the Northern District of Texas, claiming that their RICO counterclaim provided the court with subject matter jurisdiction over the case.  Id. Ex. 1C.  Two days later, the district court issued an order to show cause as to why the case should not be remanded for lack of subject matter jurisdiction.  Id. Ex. 1D.  The case was ultimately remanded to Texas state court on January 10, 2022.[2]  Id. Ex. 1F.

---

[1] Grozian and Ayer were eventually served with the Texas complaint on November 22, 2021, and December 6, 2021, respectively.  Dilbeck Decl. ¶ 10.

[2] On April 6, 2022, the district court granted R4U's request for attorneys' fees as sanctions for the removal.  Id. Ex. 1G.  The court concluded that basing removal jurisdiction on a

3

On February 25, 2022, Plaintiffs initiated a new action in the Northern District of Texas, alleging essentially the same claims they alleged in the instant Action and in the counterclaims in the original Texas Action. Id. Ex. 1H. Defendants filed a motion to dismiss that new action, and the parties stipulated to dismiss it on April 21, 2022. Id. Ex. 1I.

On April 14, 2022, this Court granted [23] Defendants' motion to dismiss for lack of personal jurisdiction over Defendants. The Court granted Plaintiffs 30 days' leave to amend, but Plaintiffs declined to amend their Complaint. On April 14, 2022, the Court dismissed the Action with prejudice [25]. On April 28, 2022, Defendants filed the instant Motion for Attorneys' Fees [27]. Plaintiffs opposed [30] on May 17, 2022. Defendants replied [31] on May 24, 2022.

## II. DISCUSSION

**A. Legal Standard**

1. Rule 11 Sanctions

Attorneys are subject to sanctions where they present to the court claims, defenses, or other legal contentions that are not warranted by existing law or by a nonfrivolous argument for a change in law. Fed. R. Civ. P. 11(b)(2). An attorney seeking to bring a motion for Rule 11 sanctions must serve the motion upon the

---

counterclaim was objectively unreasonable, and R4U was therefore entitled to recover the fees it incurred as a result of the removal. Id. Ex. 1G at 6.

opposing party and wait twenty-one days before filing the motion with the Court to provide the party an opportunity to withdraw or appropriately correct the challenged paper. Fed. R. Civ. P. 11(c)(2). This "safe harbor" provision is strictly enforced, and failure to comply will preclude the moving party from obtaining an award of sanctions. Holgate v. Baldwin, 425 F.3d 671, 678 (9th Cir. 2005) ("We must reverse the award of sanctions when the challenging party failed to comply with the safe harbor provisions, even when the underlying filing is frivolous.").

    2.   28 U.S.C. § 1927

Courts may award sanctions against any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. An award of sanctions under § 1927 requires a finding of "bad faith or conduct tantamount to bad faith," namely "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." Fink v. Gomez, 239 F.3d 989, 994 (9th Cir. 2001). Because § 1927 only authorizes sanctions against attorneys who wrongfully multiply proceedings once a case has already commenced, an attorney may not be sanctioned under § 1927 for the filing of a complaint. Id. at 435. The decision whether to award sanctions under § 1927 is largely left to the court's discretion. United States v. Associated Convalescent Enters., Inc., 766 F.2d 1342, 1345 (9th Cir. 1985).

3. Inherent Authority

Federal courts have the inherent power to issue sanctions "when the interests of justice so require." Hall v. Cole, 412 U.S. 1, 4-5 (1973). Sanctions in the form of attorneys' fees are appropriate where a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991). However, these sanctions "should be reserved for the 'rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose.'" Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 649 (9th Cir. 1997) (quoting Operating Eng'rs Pension Trust v. A-C Co., 859 F.2d 1336, 1344 (9th Cir. 1988)). Thus, a district court should not invoke these powers before making a specific finding of bad faith or conduct tantamount to bad faith. Fink, 239 F.3d at 994.

**B. Analysis**

Defendants assert that sanctions in the form of attorneys' fees should be awarded against Plaintiffs pursuant to: (1) Rule 11 of the Federal Rules of Civil Procedure; (2) 28 U.S.C. § 1927; and (3) the Court's inherent powers.[3] See generally Defs.' Mot. for Att'y

---

[3] In their Reply, Defendants argue that sanctions are also warranted under Local Rules 11-9 and 83-7. See Defs.' Reply in Supp. of Mot. ("Reply") 15:6-16:6, ECF No. 31. Defendants did not raise this ground in their Motion, and therefore did not give Plaintiffs an opportunity to respond to this argument. The Court thus declines to consider whether sanctions may be awarded under

Fees ("Mot."), ECF No. 27. The Court concludes that sanctions are not justified under any of these provisions. The Court addresses each potential source of sanctioning power in turn.

### 1. Rule 11 Sanctions

Defendants may not seek Rule 11 sanctions because they have failed to comply with Rule 11's safe harbor provision. See Fed. R. Civ. P. 11(c)(2). Defendants do not dispute that they failed to serve their Motion on Plaintiffs at least twenty-one days before filing it. Rather, they argue that they "fulfilled the intent of the safe harbor provision" because "Defendants' counsel attempted multiple times to communicate with Plaintiffs' lead counsel out of Texas" about the grounds for sanctions. Reply 7:17-24. However, "informal warnings" threatening a Rule 11 motion do "not satisfy the strict requirement that a motion be *served* on the opposing party twenty-one days prior to filing." Radcliffe v. Rainbow Constr. Co., 254 F.3d 772, 789 (9th Cir. 2001); see also Barber v. Miller, 146 F.3d 707, 710-11 (9th Cir. 2001).

Because Defendants failed to comply with Rule 11's safe harbor provision, Defendants are precluded from seeking Rule 11 sanctions. See Holgate, 425 F.3d at 678.

---

Local Rules 11-9 and 83-7. See Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

## 2. 28 U.S.C. § 1927 and the Court's Inherent Powers

### a. Plaintiffs Did Not Unreasonably or Vexatiously Multiply Proceedings

As an initial matter, Defendants' request for sanctions pursuant to 28 U.S.C. § 1927 must be denied to the extent they seek to sanction Plaintiffs for the filing of this Action. Because § 1927 applies only to inappropriate filings once a lawsuit has begun, it does not authorize sanctions for the filing of an initial pleading. In re Keegan, 78 F.3d at 435. Additionally, § 1927 does not allow one court to sanction an attorney for conduct before another court. GRiD Sys. Corp. v. John Fluke Mfg. Co., Inc., 41 F.3d 1318, 1319 (9th Cir. 1994).

Defendants state that they seek to sanction Plaintiffs' "collective conduct," including Plaintiffs' filing of this Complaint despite the Texas Action having already commenced and Plaintiffs' frivolous attempts to establish jurisdiction in this Court. Reply 10:18-28. But this Action was the first action to include this particular set of plaintiffs and defendants, and the defendants in the Texas Action had not been served at the time that this Action was filed. Because nothing of significance had yet occurred in the Texas Action and Plaintiffs included new parties in this Action, the Court cannot say that the filing of this action impermissibly multiplied proceedings in violation of

§ 1927.  Gomes v. Am. Century Cos., Inc., No. 2:09-cv-02153-FCD/KJM, 2010 WL 1980201, at *4 (E.D. Cal. May 17, 2010) (finding defendant's allegation of plaintiff's forum-shopping behavior to be insufficient grounds for § 1927 sanctions where the lawsuit before the court was the first to be filed with that particular combination of plaintiffs and defendants).

The only other potentially sanctionable filing in this Action is Plaintiffs' Opposition to Defendants' motion to dismiss.  The Court does not find this filing to have so unreasonably or vexatiously multiplied the proceedings as to warrant § 1927 sanctions.  See Roadway Express, Inc. v. Piper, 447 U.S. 752, 753 (1980) (holding that § 1927 is intended only to address abuses of the judicial process).

          b.    Defendants Have Not Established that Plaintiffs Acted in Bad Faith

Defendants have also failed to demonstrate the requisite bad faith or recklessness to justify an award of sanctions under either § 1927 or the Court's inherent powers.  See Fink, 239 F.3d at 994.  There is insufficient evidence that Plaintiffs initiated their Action here to delay or complicate the litigation, or for some other improper purpose.  Nothing significant had happened in the Texas Action at the time this Action was filed, and it was not unreasonable for Plaintiffs to think that Defendants may agree to consolidate the litigation and proceed before this Court.  See La Cuna

De Aztlan Sacred Sites Prot. Circle Advisory Comm. v. U.S. Dep't of the Interior, No. CV 11-00400 DMG (DTBx), 2011 WL 13131114, at *4 (C.D. Cal. Nov. 14, 2011) (finding evidence of bad faith lacking for claims filed in an improper venue because "venue is waivable and it was not unreasonable ex ante to think that the named defendants might have wanted to consolidate the various litigations in a single proceeding").

Moreover, Plaintiffs' assertion of personal jurisdiction in this Court, while ultimately rejected, does not rise to the level of sanctionable conduct. Plaintiffs' jurisdictional arguments may have been weak, but they were not entirely frivolous. "Determining whether a court has personal jurisdiction over an out-of-state defendant . . . is a fact-intensive inquiry and is rarely so clear-cut as to make a claim frivolous." See Warner Bros. Home Ent, Inc. v. Shi, No. CV 12-07753 DMG (PLAx), 2013 WL 12116586, at *6 (C.D. Cal. Jan. 29, 2013). While Defendants may have been aware that their jurisdictional arguments were unlikely to succeed, the Court finds that this is not one of the exceptional cases in which sanctions are warranted. See Gomes, 2010 WL 1980201, at *5; see also Calop Bus. Sys., Inc. v. City of L.A., 984 F. Supp. 2d 981, 1020-21 (C.D. Cal. 2013) (stating that the court would exercise discretion to decline sanctions even if proof of recklessness had been present).

In sum, the Court concludes that sanctions are not

warranted under either Rule 11, § 1927, or the Court's inherent powers. The Court therefore **DENIES** Defendants' Motion.

### III.  CONCLUSION

Based on the foregoing, the Court **DENIES** Defendants' Motion for Attorneys' Fees.

**IT IS SO ORDERED.**

DATED: June 28, 2022   /s/ Ronald S.W. Lew
　　　　　　　　　　　　　　　━━━━━━━━━━━━━━━━━━━
　　　　　　　　　　　　　　　**HONORABLE RONALD S.W. LEW**
　　　　　　　　　　　　　　　Senior U.S. District Judge